UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SAMUEL WALTERS,
                Plaintiff,

-v.-                                        9:09-CV-1222 (LEK/DRH)

NEW YORK STATE DEPARTMENT OF
CORRECTIONS, Bare Hill Correctional
Facility; and MARK MENDEZ, Inmate,

                Defendants.

## DECISION and ORDER

### I. BACKGROUND

Currently before the Court for review are an Amended Complaint (Dkt. No. 16) and a Second Amended Complaint (Dkt. No. 21) submitted for filing by Plaintiff Samuel Walters ("Plaintiff"). Plaintiff submitted the pleadings in compliance with the Decision and Order of this Court filed on December 8, 2009 ("December Order"). Dkt. No. 7. The December Order advised Plaintiff that he (1) may not recover monetary damages against the New York State Department of Corrections and (2) failed to state a claim against Defendant Mendez because Plaintiff failed to allege any facts demonstrating that Defendant Mendez acted under color of state law.[1] Id. After the December Order was issued, Plaintiff (1) requested and received multiple extensions of time to submit an amended complaint. See Dkt. Nos. 10-12, 23. Plaintiff also requested permission to temporarily withdraw the Complaint (Dkt. No. 13), but subsequently opted to proceed with his action and thereafter submitted

---

[1] Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); see also Myers v. Wollowitz, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (Section 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights."). Parties may not be held liable under § 1983 unless it can be established that they have acted under the color of state law. See, e.g., Rounseville v. Zahl, 13 F.3d 625, 628 (2d Cir. 1994) (noting state action requirement under § 1983); Wise v. Battistoni, No. 92-CV-4288, 1992 WL 380914 (S.D.N.Y., Dec. 10, 1992) (same) (citations omitted). State action is an essential element of any § 1983 claim. See Tancredi v. Metropolitan Life Ins. Co., 316 F.3d 308, 311 (2d Cir. 2003).

an Amended Complaint followed by a Second Amended Complaint. See Dkt. Nos. 16, 21.

## II.  DISCUSSION

Plaintiff's Second Amended Complaint replaced and superceded the earlier filed Amended Complaint.  Therefore, the Court will treat the Second Amended Complaint as the operative pleading, and will limit its review accordingly.[2]

In his Second Amended Complaint, Plaintiff names as Defendants New York State Department of Corrections,[3] Correction Officer Gardner, and Correction Officer R. Powell.  Dkt. No. 21 at 1. Plaintiff appears to allege that the Defendants failed to protect Plaintiff from known danger in violation of his rights under the Eighth Amendment to the United States Constitution.  Id. at 1-3. Plaintiff seeks monetary damages.  Id. at 3.

### A.  Defendant Mark Mendez

Plaintiff has not included Mark Mendez as a Defendant in his Second Amended Complaint. See Dkt. No. 21.  Accordingly, Mark Mendez is dismissed as a Defendant.[4]

### B.  Defendant New York State Department of Corrections

Plaintiff has named the New York State Department of Corrections ("DOCS") as a Defendant in his Second Amended Complaint, and he seeks monetary relief from DOCS.  Dkt. No. 21.  Plaintiff was previously advised that "[a]gencies of the state, such as DOCS, are entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state

---

[2] An amended complaint ordinarily supersedes the prior pleading and "renders it of no legal effect."  Arce v. Walker, 139 F.3d 329, 332 n.4 (2d Cir. 1998).

[3] Although one and the same, Plaintiff now refers to this entity as New York State Department of Correctional Service.  See Dkt. No. 21 at 1.  Since this entity appears on the docket report as New York State Department of Corrections, the Court will continue to refer to the entity in that manner.

[4] In any event, to date Plaintiff has been unable to demonstrate that Mendez was a state actor for purposes of Section 1983.  See n.2, supra.

2

and the state is the real party in interest." <u>Santiago v. New York State Dep't of Corr. Serv.</u>, 945 F.2d 25, 28 n.1 (2d Cir. 1991) (citations omitted); <u>see also</u> <u>Denis v. N.Y.S. Dep't of Corr. Serv.</u>, No. 05 Civ 4495, 2006 WL 217926, at *12 (S.D.N.Y. Jan. 30, 2006) (citations omitted); <u>Allah v. Juchnewioz</u>, No. 93 CIV 8813, 2003 WL 1535623, at *3 (S.D.N.Y. Mar. 24, 2003) ("[a]s DOCS is a subdivision of New York State, cases routinely hold that it may not be sued for monetary damages") (citations omitted).  Plaintiff's claim for money damages against the New York State Department of Corrections is barred by the Eleventh Amendment and the New York State Department of Corrections is **dismissed**.

      **C.**     **Defendants Gardner and Powell**

Plaintiff adds Correctional Officers Gardner and R. Powell as Defendants to this action and asserts allegations of wrongdoing against them.  <u>See</u> Dkt. No. 21.  Mindful of the Second Circuit's direction that a *pro se* plaintiff's pleadings must be liberally construed, <u>see, e.g.</u>, <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008), the Second Amended Complaint is accepted for filing insofar as it asserts allegations against Defendants Gardner and Powell.

**WHEREFORE**, it is hereby

**ORDERED** that "New York State Department of Corrections" and "Mark Mendez" are dismissed as Defendants to this action; and it is further

**ORDERED** that the Clerk revise the docket to add "Correctional Officer Gardner" and "Correctional Officer R. Powell" as Defendants; and it is further

**ORDERED** that the Clerk of the Court shall issue summonses and forward them, along with copies of the Second Amended Complaint (Dkt. No. 21), to the United States Marshal for service upon Defendants Gardner and Powell, together with a copy of this Decision and Order.  The Clerk of the Court shall also forward a copy of the summons and Second Amended Complaint by mail to the Office

of the Attorney General for the State of New York, together with a copy of this Decision and Order; and it is further

**ORDERED** that a formal response to Plaintiff's Second Amended Complaint be filed by the Defendants or their counsel as provided for in Rule 12 of the Federal Rules of Civil Procedure subsequent to service of process on the Defendants; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be stricken from the docket.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in Plaintiff's address; his failure to so may result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court, and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

DATED:     December 10, 2010
           Albany, New York

Lawrence E. Kahn
U.S. District Judge